# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| IVAN N. KONSTANTINOVICH, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 4:07-CV-1139-JCH<br>) |
| DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al., | )<br>)<br>) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court upon the application of Ivan N. Konstantinovich for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no

set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

### The Complaint and Supplements

Liberally construing the complaint, plaintiff is challenging the amount of his Social Security benefits. Plaintiff claims that the amount due and owing to him is $1,014; however, the amount he received was only $909. Plaintiff states that "this matter is in appeal at the Social Security Adm."

Because plaintiff has not exhausted his available administrative remedies, a prerequisite to seeking judicial review relative to the payment of social security benefits, the instant action is legally frivolous. *See* 42 U.S.C. § 405(g). Moreover, the Court notes that the proper party-defendant would be Michael J. Astrue, Commissioner of Social Security. *See* Social Security Independence and Program Improvements Act of 1994, Pub.L.No. 103-296, § 106(d).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and/or fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [Doc. #4] is **DENIED** as moot.

An appropriate order of dismissal shall accompany this Memorandum and Order.

Dated this 27th day of June, 2007.

/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE